**Joseph RODEN, Plaintiff–Appellant,**

**v.**

**John SOWDERS, Warden, Frankfort Career Development Center; Kim Callis, Sergeant, Frankfort Career Development Center, Defendants–Appellees.**

No. 02–6427.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Joseph Roden, Louisville, KY, for Plaintiff-Appellant.

William R. Lundy, Brenn O. Combs, Frankfort, KY, for Defendant-Appellee.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

## ORDER

Joseph Roden, a Kentucky prisoner proceeding pro se, appeals his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Roden sued the Warden at the Frankfort Career Development Center ("FCDC") (John Sowders), and Sergeant Kim Callis for violations of his Fourth Amendment privacy rights and his Eighth Amendment right to be free of cruel and unusual punishment. In his complaint, Roden alleged that on July 8, 2001, while he was incarcerated at FCDC, he was strip-searched in front of a female officer and humiliated by her laughing at him while he was naked. The search was in response to allegations that Roden and two other inmates were smoking marijuana under the pavilion. Sergeant Callis is sued in her individual capacity for the cross-gender strip search and for laughing at Roden; and Warden Sowders is sued in his official capacity for permitting a female officer to be involved in such an activity.

The defendants filed a joint motion for summary judgment arguing that the strip search was reasonable under the circumstances. They also pointed out that Roden presented no evidence that Sergeant Callis laughed. Additionally, the defendants claimed that they are entitled to qualified

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

immunity. In response, Roden filed a motion for summary judgment insisting that there are genuine issues of material fact which preclude entry of judgment in the defendants' favor. The district court concluded that the defendants carried their burden and that Roden failed to carry his burden to come forward with affirmative evidence to defeat the defendants' well-supported summary judgment motion. Summary judgment was entered for the defendants. This appeal followed.

The district court's award of summary judgment is reviewed *de novo* on appeal. *See Moore v. Holbrook,* 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Moore,* 2 F.3d at 698. The movants meet their initial burden by pointing to an absence of evidence regarding an essential element of the case. *See Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

■ Upon review, we conclude that summary judgment for the defendants was proper for the reasons stated by the district court. As to Roden's strip search in the presence of a female, the defendants have carried their burden of establishing actions by defendant Callis which were reasonable under the circumstances and were reasonably related to the legitimate penological interest of security and order. *See Cornwell v. Dahlberg,* 963 F.2d 912, 916 (6th Cir.1992). The issue of whether defendant Callis laughed and purposely humiliated Roden is not material to the constitutionality issues herein. Even if defendant Callis did laugh, the strip search is not rendered constitutionally invalid thereby. As to a construed Eighth Amendment claim, verbal insults of an inmate have not been deemed actionable in actions brought pursuant to § 1983. *See Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987). Only prisoners' deprivations denying "the minimalized measure of life's necessities" constitute and Eighth Amendment violation. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). In any event, even if this conduct could be deemed cruel and unusual punishment, it is doubtful that recovery of damages can be had absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e).

■ Finally, Roden's claim against defendant Sowders is based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury. *See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). At a minimum, the plaintiff must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct. *Id.* Roden fails to allege any facts that show Sowders encouraged or condoned the alleged unconstitutional conduct of defendant Callis, or that Sowders authorized, approved or knowingly acquiesced in the conduct. Liability under § 1983 cannot be imposed merely because of the supervisory position which this particular defendant held. *See id.* For these reasons, summary judgment for defendant Sowders was proper.

**614**

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.